IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDGARDO DELGADO-CARMONA,<br><br>Defendant. | CRIMINAL NO. 23-154 (CVR) |

**OPINION AND ORDER**

**PROCEDURAL BACKGROUND**

On April 19, 2023, a grand jury returned a two-count indictment against Defendant Edgardo Delgado-Carmona ("Delgado-Carmona") charging him in Count One with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1)(A)(i) and in Count Two with possession with intent to distribute controlled substances, in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(B). (Docket No. 8).

Pending before the court is Delgado-Carmona's Motion to Dismiss Count One of the Indictment and the government's response to the same. (Docket Nos. 49 and 51). For the reasons explained below, Delgado-Carmona's Motion to Dismiss is denied.

**LEGAL STANDARD**

Fed. R. Crim. P. 12(b)(1) provides that a defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Delgado-Carmona moves this Court, pursuant to Rule 12(b)(1) and 12(b)(3)(B)(v) of the Fed. R. Crim. P., for an order dismissing Count One of the Indictment (alleging violation of 18 U.S.C. § 924(c)(1)(A)(i)) because the government

is unable to prove the "in furtherance" component of the § 924(c) offense charged in Count One.

For an offense to be stated sufficiently, an indictment must "sketch [ ] out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." United States v. Guerrier, 669 F.3d 1, 3 (1st Cir. 2011); *accord* United States v. Resendiz-Ponce, 549 U.S. 102, 108, 127 S.Ct. 782 (2007); see also Fed. R. Crim. P. 7 ("The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.").

When considering whether to dismiss a count of an indictment, a court "must accept the allegations in the indictment as true" United States v. Bravo-Fernández, 756 F.Supp 2d 184 (D.P.R. 2010) and must be mindful that "the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (citation omitted). "[I]t is generally sufficient that an indictment set forth the offense in the words of the statute itself as long as those words set forth all the elements of the offense without any uncertainty or ambiguity." United States v. Brown, 295 F.3d 152, 154 (1st Cir. 2002) (internal quotation marks and citation omitted). "A court read[s] an [indictment] as a whole" and "construe[s] the allegations in a practical sense, with all necessary implications." United States v. Colón-Quiles, 859 F. Supp. 2d 229, 231 (D.P.R. 2012);

United States v. Barker Steel & Co, Inc., 985 F.2d 1123, 1125 (D.P.R. 2012) (internal citations omitted).

Generally, "a facially valid indictment returned by a duly constituted grand jury calls for a trial on the merits." United States v. Stokes, 124 F.3d 39, 44 (1st Cir. 1997). Defendants may not "challenge indictments on the ground that they are not supported by adequate or competent evidence" because this "would run counter to the whole history of the grand jury institution." United States v. Wipp-Kelley, 98 F. Supp. 3d 405, 407 (D.P.R. 2015) (quoting Costello v. United States, 350 U.S. 359, 364, 76 S.Ct. 406 (1956)). Accordingly, "courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." Guerrier, 669 F.3d at 4 (collecting cases).

## ANALYSIS

A review of Delgado-Carmona's Motion to Dismiss shows that he is challenging the sufficiency of the government's evidence as to Count One of the indictment instead of purported deficiencies in the indictment, as properly argued by the government in its opposition. As a matter of fact, Delgado-Carmona does not identify any deficiency in the indictment because he fails to provide a ground for properly challenging an indictment under Fed. R. Crim. P. 12(3)(A)-(E). What counts in situations like this are the charging paper's allegations, which the Court must assume are true. See, e.g., United States v. Bohai Trading Co., 45 F.3d 577, 578 n. 1 (1st Cir. 1995).

A reading of Count One of the indictment in this case shows that it alleges the required elements of the offense and the essential facts which constitute the offense charged. Thus, the indictment is not deficient. "At the indictment stage the government need not 'show,' but merely allege, the required elements [of the offense charged]." United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014).

To sustain a Section 924(c) conviction, the government must establish "a sufficient nexus between the firearm and the drug crime such that the firearm advances or promotes the drug crime." United States v. Peña, 586 F.3d 105, 113 (1st Cir. 2009) (citation omitted). Essentially, the jury must find beyond a reasonable doubt that Delgado-Carmona possessed the firearms "to advance or promote the commission of the underlying offense." United States v. Robinson. 473 F.3d 387, 399 (1st Cir. 2007).

Ultimately, whether Delgado-Carmona possessed a firearm in furtherance of a drug-trafficking crime is a factual question falling within the province of the jury. See United States v. Bobadilla-Pagán, 747 F.3d 26, 36 (1st Cir. 2014) (holding that it "was up to the jury to weigh the government's and [the defendant's] versions of facts" regarding the "in furtherance of a drug-trafficking crime" element in a Section 924(c) prosecution).

Consequently, Delgado-Carmona's argument as to the sufficiency of the evidence is premature and without merit. Once the government presents all the evidence at trial, Delgado-Carmona may present a motion for judgment of acquittal under Fed. R. Crim. P. 29.

## CONCLUSION

In view of the foregoing, Delgado-Carmona's Motion to Dismiss the Indictment is DENIED.  (Docket No. 49).

IT SO ORDERED.

In San Juan, Puerto Rico, this 12th day of December of 2023.

                                        s/ CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ-RIVE
                                        UNITED STATES DISTRICT JUDGE